UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

AMY BIONDOLILLO, individually and on behalf of all others similarly situated,

        Plaintiff,

LIVINGSTON CORRECTIONAL FACILITY,
TAMARA KENNEDY,
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

        Defendants.

Case No. 6:17-cv-06576

**VERIFIED COMPLAINT**

**DEMANDS TRIAL BY JURY**

---

## NATURE OF THE ACTION

1. Plaintiff Amy Biondolillo ("Ms. Biondolillo," "Plaintiff," or "Class Representative"), individually and on behalf of all others similarly situated, brings this action against Livingston Correctional Facility ("Livingston Correctional"), Tamara Kennedy ("Kennedy"), and New York State Department of Corrections and Community Supervision ("NYSDCCS") (collectively "Defendants") to redress gender, age, pregnancy, and disability discrimination in employment. Specifically, Ms. Biondolillo, a former employee of Livingston Correctional and NYSDCCS, brings this class action against Defendants on behalf of herself and all other female present or former employees pursuant to New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq*. ("NYSHRL"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("Title

{00286651 }

VII"), 42 U.S.C. § 1983, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA").

2.     The Class Representative seeks to represent female employees of Livingston Correctional and NYSDCCS who have been subjected to one or more aspects of the systemic gender discrimination described in this Complaint, including, but not limited to: (1) gender hostility; (2) differential treatment; (3) hostile work environment; (4) pregnancy discrimination; (5) disability discrimination; and (6) age discrimination.

3.     The Class Representative seeks, individually and on behalf of the putative class, declaratory and injunctive relief; front pay; compensatory, nominal and punitive damages; and attorneys' fees and costs to remedy Defendants' pervasive and discriminatory employment practices.

## PARTIES

4.     Plaintiff Amy Biondolillo is a female citizen and resident of Dalton, New York. Ms. Biondolillo was 42 years old at the time of the incident.  Ms. Biondolillo was employed by Livingston Correctional from approximately June 2016 through December 30, 2016. Throughout that time, Ms. Biondolillo was employed as a Registered Nurse.  At all relevant times, Ms. Biondolillo met the definition of an "employee" and/or "eligible employee" under all applicable statutes.

5.     Defendant Livingston Correctional Facility is an all-male state prison located at 7000 Sonyea Road, Sonyea, New York 14556.  It is owned and operated by the New York State Department of Corrections and Community Supervision.  At all relevant times, Defendant Livingston Correctional met the definition of "employer" and/or "covered employer" under all relevant statutes.

6. Defendant Tamara Kennedy, upon Plaintiff's knowledge and belief, is a resident of New York. At the time of the incident, Ms. Kennedy was employed as a Nurse Administrator by Defendant Livingston Correctional. One of the main responsibilities for her position is to supervising the nursing staff, including Ms. Biondolillo. As a result of her status as an agent of her employer, all relevant times, Defendant Kennedy met the definition of "employer" and/or "covered employer" under all relevant statutes.

7. Defendant New York State Department of Corrections and Community Supervision is a department of the New York State government. Its headquarters are located at 1220 Washington Avenue, Albany, New York 12226. At all relevant times, Defendant NYSDCCS met the definition of "employer" and/or "covered employer" under all relevant statutes.

## JURISDICTION AND VENUE

8. <u>Subject Matter Jurisdiction</u>. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises primarily out of federal statutes. This Court has supplemental jurisdiction over the New York State Human Rights Law claim pursuant to 28 U.S.C. § 1367(a) in that the claim arises out of the same case, controversy, and operative facts as the federal law claims.

9. <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over Defendants because Defendants Livingston Correctional and NYSDCCS are New York State entities, and Defendant Kennedy resides, upon Plaintiff's knowledge and belief, in New York. Moreover, the wrongful conduct emanates from Livingston Correctional, in New York.

10. <u>Venue</u>. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1391(c) because Defendant Livingston Correctional is physically located within

the District, a substantial part of the events giving rise to the claims occurred at Livingston Correctional, and Defendants are subject to personal jurisdiction in the District.

## PROCEDURAL HISTORY

11. Class Representative Amy Biondolillo timely filed a Charge of Discrimination with the New York Division of the Equal Employment Opportunity Commission ("EEOC") on approximately January 5, 2017, subsequently filed an amended Charge of Discrimination on approximately February 7, 2017, and submitted her Intake Questionnaire on March 2, 2017.

12. Ms. Biondolillo received her Notices of Right to Sue from the Buffalo Office of the EEOC and the Civil Rights Division of the Department of Justice on August 14, 2017 (Exhibit 1).

13. Ms. Biondolillo now timely files suit within ninety (90) days of receipt of her Notices of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff Biondolillo was hired by Defendant Livingston Correctional in June 2016 as a Nurse. She held this position until she was wrongfully discharged on December 30, 2016.

15. Ms. Biondolillo initially learned of her pregnancy in December of 2016.

16. Ms. Biondolillo began experiencing difficulties with her pregnancy, but remained adamant that she would continue to perform her duties as scheduled and to the best of her abilities.

17. On December 30, 2016, Ms. Biondolillo woke up with severe pregnancy-related complications, including excessive abdominal pain and vaginal bleeding. Ms. Biondolillo rushed to the emergency room for an examination and treatment.

18. Debilitated by severe pain and unable to attend work, Ms. Biondolillo called her supervisor, Defendant Kennedy.

19. Ms. Biondolillo first informed Defendant Kennedy that she was pregnant. She then told Defendant Kennedy of her pregnancy-related medical condition and requested a reasonable accommodation: to reschedule her upcoming shift then-scheduled for that evening.

20. Defendant Kennedy not only denied any sort of reasonable accommodation, but also responded to Ms. Biondolillo stating words to the effect of, "I don't care if you're bleeding. If you're not at work, you're fired." Defendant Kennedy further berated Ms. Biondolillo, adding that she did not believe Ms. Biondolillo was pregnant at her age.

21. Due to her pregnancy-related medical condition and hospitalization, Ms. Biondolillo was unable to go to work that evening, as she had suspected. As a consequence of her pregnancy-related illness and absence from her shift that evening, Ms. Biondolillo was wrongfully terminated.

22. Throughout her employment, Ms. Biondolillo was an excellent employee. She never received a complaint, nor did she frequently request time off from work.

23. Not only did Ms. Biondolillo take pride in her career, but she also depended on her income to provide for herself and her family.

24. Throughout her employment with Defendant Livingston Correctional, Ms. Biondolillo also witnessed the mistreatment of numerous other female employees. The female employees reported such hostile treatment, particularly hostile treatment on the part of Defendant Kennedy, to both human resources and their union. Nevertheless, Defendant Kennedy did not change her behavior, nor did her employers, Defendants Livingston Correctional or NYSDCCS, discipline her for her unlawful conduct.

25.     Male employees at Defendant Livingston Correction were not held to such stringent standards.  When male employees, such as Thomas McCarthy, a male nurse, requested time off due to a medical condition, Defendant Kennedy did not interrogate them about their illnesses, nor threatened to fire them as a result.  Defendant Kennedy did not berate male employees about their age, force them to work despite disabilities, or humiliate them before their peers.

26.     Whereas male employees received favorable treatment, Defendant Kennedy was very aggressive toward Ms. Biondolillo and numerous other female employees, creating a hostile work environment and violating their clearly established rights to work in an environment free from discrimination on the basis of gender, age, pregnancy, and disabilities.

## CLASS ACTION ALLEGATIONS

27.     <u>Class Definition</u>.  Pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), Plaintiff brings this case as a class action on behalf of a class of individuals in the United States defined as follows: current and former female employees of Defendant Livingston Correctional who have experienced discrimination at any time during the applicable liability period ("Class Members" or "Class").

28.     <u>Numerosity</u>.  The Class is each so numerous that joinder of all members is impracticable.  Upon information and belief, there are dozens, if not hundreds, of members of the proposed Class.  Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

29.     <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiff and Class Members.  These common questions of law and fact include, but are not limited to, the following:

   a. Whether Defendants engaged in unlawful, systemic gender discrimination their practices, procedures, and/or general terms and conditions of work and employment;

   b. Whether Defendants unlawfully discriminated against female employees based on their pregnancies;

   c. Whether Defendants unlawfully discriminated against female employees based on their medical conditions and disabilities;

   d. Whether Defendants unlawfully discriminated against female employees based on their age;

   e. Whether Defendants subjected female employees to differential treatment;

   f. Whether Defendants created a hostile work environment for female employees;

   g. Whether Defendants' conduct constituted intentional infliction of emotional distress.

30. The employment policies, practices, and procedures that harmed and continue to harm Ms. Biondolillo and Class Members are set by the high-level officials at Livingston Correctional and NYSDCCS, and thus permeate all departments and divisions.

31. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the proposed Class. Plaintiff suffered the same injury as Class Members -- *i.e.*, gender-based discrimination in the course of employment for Defendant Livingston Correctional during the liability period.

32. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the proposed Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including discrimination class actions. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the

Class and have the financial resources to do so. Neither Plaintiff nor her counsel has interests that are contrary to or that conflict with those of the proposed Class.

33. <u>Predominance</u>. Defendants have engaged in a common course of conduct toward Plaintiff and Class Members. The common issues arising from this conduct that affect Plaintiff and Class Members predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

34. <u>Superiority</u>. A class action is the most efficient and economical method for the fair and efficient adjudication of this controversy. In this regard, the Class Members' interests in individually controlling the prosecution of separate actions is low given the magnitude, burden, and expense of individual prosecutions against large entities such as Defendants. It is desirable to concentrate this litigation in this forum to avoid burdening the courts with individual lawsuits. Individualized litigation presents a potential for inconsistent or contradictory judgments, and also increases the delay and expense to all parties and the court system presented by the legal and factual issues of this case. By contrast, the class action procedure here will have no management difficulties. Defendants' records and the records available publicly will easily identify the Class Members. The same common documents and testimony will be used to prove Plaintiff's claims as well as the claims of Class Members. Finally, proceeding as a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

35. <u>Relief Appropriate</u>. The relief necessary to remedy the Plaintiff's claims is the same as that necessary to remedy the class of the proposed Class. Ms. Biondolillo seeks, individually and on behalf of those similarly situated:

    a. A declaratory judgment that Defendants had engaged in systemic gender discrimination against female employees;

    b. A permanent injunction against such discriminatory conduct;

    c. Injunctive relief;

    d. Front pay and other equitable remedies necessary to make female employees whole;

    e. Compensatory damages;

    f. Punitive and nominal damages to deter Defendants from engaging in discriminatory practices in the future;

    g. Attorneys' fees and costs.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. § 2000e-5(f) *et seq*., as amended
## GENDER DISCRIMINATION

36. Class Representative Biondolillo re-alleges and incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein.

37. Defendants have discriminated against Plaintiff Biondolillo and members of the proposed Class by treating them differently from and less preferably than similarly situated males.

38. Defendants' policies, practices, and procedures have subjected Plaintiff and Class Members to disparate treatment, discriminatory terms and conditions of employment, hostile work environments, and other forms of discrimination.

39. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted with callous disregard of the rights of Plaintiff and Class Members.

40. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members were damaged and suffered economic losses, mental and emotional harm, and humiliation.

41. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members are entitled to legal and equitable remedies available as per Title VII.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. § 2000e(k) *et seq*., as amended
## PREGNANCY DISCRIMINATION

42. Class Representative Biondolillo re-alleges and incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein.

43. Defendants discriminated against Plaintiff and Class Members as a consequence of pregnancy, childbirth, or related medical conditions.

44. Plaintiff and Class Members were treated differently and adversely relative to other persons not so affected but similar in terms of their ability or inability to work.

45. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted with callous disregard of the rights of Plaintiff and Class Members.

46. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members were damaged and suffered economic losses, mental and emotional harm, and humiliation.

47. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members are entitled to legal and equitable remedies available as per Title VII.

## THIRD CAUSE OF ACTION
### VIOLATIONS OF AGE DISCRIMINATION IN EMPLOYMENT ACT
### 29 U.S.C. §§ 623

48. Class Representative Biondolillo re-alleges and incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein.

49. Defendants discriminated against Plaintiff and Class Members by engaging in disparate and adverse treatment for Plaintiff and Class Members with respect to terms, conditions, and privileges of employment because of each individual's age.

50. Defendants further engaged in discrimination against Plaintiff and Class Members by depriving them of employment opportunities and otherwise affecting their statuses as employees on the basis of age.

51. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted with callous disregard of the rights of Plaintiff and Class Members.

52. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members were damaged and suffered economic losses, mental and emotional harm, and humiliation.

53. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members are entitled to legal and equitable remedies available as per the ADEA.

## FOURTH CAUSE OF ACTION
### VIOLATIONS OF AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. §§ 12101 *et seq*., as amended

54. Class Representative Biondolillo re-alleges and incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein.

55.    Defendants discriminated against Plaintiff and Class Members as a result of pregnancy-related disabilities and denied Plaintiff and Class Members the same terms and conditions of employment made available to unaffected employees.

56.    Defendants denied Plaintiff and Class Members affected by pregnancy-related disabilities reasonable accommodations.

57.    Defendants treated Plaintiff and Class Members disparately and adversely by engaging in conduct including, but not limited to, wrongful termination based on their pregnancy-related disabilities.

58.    Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted with callous disregard of the rights of Plaintiff and Class Members.

59.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members were damaged and suffered economic losses, mental and emotional harm, and humiliation.

60.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members are entitled to legal and equitable remedies available as per the ADA.

### FIFTH CAUSE OF ACTION
### VIOLATIONS OF 42 U.S.C. § 1983

61.    Class Representative Biondolillo re-alleges and incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein.

62.    Defendants have discriminated against Plaintiff Biondolillo and Class Members by treating them differently from and less preferably than similarly situated males, thereby engaging an a pattern and practice of gender discrimination in violation of Plaintiff and Class

Members' rights to equal protection under the law as per the Fourteenth Amendment of the United States Constitution.

63. Defendants' policies, practices, and procedures, performed under the color of law, have subjected Plaintiff and Class Members to disparate treatment, discriminatory terms and conditions of employment, hostile work environments, and other forms of discrimination.

64. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted with callous disregard of the rights of Plaintiff and Class Members.

65. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members were damaged and suffered economic losses, mental and emotional harm, and humiliation.

66. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members are entitled to legal and equitable remedies available as per 42 U.S.C. § 1983.

**SIXTH CAUSE OF ACTION**
**VIOLATIONS OF NEW YORK STATE HUMAN RIGHTS LAW**
**N.Y. Exec. Law §§ 290 *et seq*.**
**GENDER DISCRIMINATION**

67. Class Representative Biondolillo re-alleges and incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein.

68. Defendants discriminated against Plaintiff and Class Members on the basis of gender in the terms, conditions, or privileges of their employment.

69. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted with callous disregard of the rights of Plaintiff and Class Members.

70. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members were damaged and suffered economic losses, mental and emotional harm, and humiliation.

71. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members are entitled to legal and equitable remedies available as per the NYSHRL.

## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF NEW YORK STATE HUMAN RIGHTS LAW
## N.Y. Exec. Law §§ 290 *et seq.*
## PREGNANCY AND DISABILITY DISCRIMINATION

72. Class Representative Biondolillo re-alleges and incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein.

73. Defendants discriminated against Plaintiff and Class Members on the basis of pregnancy and/or pregnancy-related conditions by subjecting such women to disparate and less favorable terms, conditions, and privileges of employment, and adverse treatment relative to persons not so affected.  Such actions include, but are not limited to, wrongful termination as a result of pregnancy and pregnancy-related medical conditions.

74. Defendants denied Plaintiff and Class Members reasonable accommodations for their pregnancy-related medical conditions, and instead created a hostile work environment for affected individuals.

75. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted with callous disregard of the rights of Plaintiff and Class Members.

76. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members were damaged and suffered economic losses, mental and emotional harm, and humiliation.

77. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members are entitled to legal and equitable remedies available as per the NYSHRL.

## EIGHTH CAUSE OF ACTION
### VIOLATIONS OF NEW YORK STATE HUMAN RIGHTS LAW
### N.Y. Exec. Law §§ 290 *et seq*.
### AGE DISCRIMINATION

78. Class Representative Biondolillo re-alleges and incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein.

79. Defendants discriminated against Plaintiff and Class Members on the basis of age by subjecting them to disparate and adverse terms, conditions, or privileges of employment.

80. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted with callous disregard of the rights of Plaintiff and Class Members.

81. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members were damaged and suffered economic losses, mental and emotional harm, and humiliation.

82. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members are entitled to legal and equitable remedies available as per the NYSHRL.

## NINTH CAUSE OF ACTION
### WRONGFUL TERMINATION
### (Plaintiff Biondolillo, Individually)

83. Class Representative Biondolillo re-alleges and incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein.

84. Plaintiff was wrongfully terminated as a result of her gender, pregnancy, pregnancy-related disabilities, and age, in violation of Title VII, the ADA, the ADEA, and the NYSHRL.

85. Plaintiff was an excellent and devoted employee.

86. Ms. Biondolillo's wrongful termination was a direct and proximate result of gender, pregnancy, disability, and age discrimination.

87. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted with callous disregard of the rights of Ms. Biondolillo.

88. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff was damaged and suffered economic losses, mental and emotional harm, and humiliation.

89. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff is entitled to legal and equitable remedies available as per Title VII, the ADA, the ADEA, and the NYSHRL.

## TENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

90. Class Representative Biondolillo re-alleges and incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein.

91. Plaintiff and Class Members suffered intentional infliction of emotional distress as a result of Defendants' conduct.

92. Defendants' actions constitute conduct so extreme and outrageous in degree and character as to exceed all possible bounds of decency.

93. Defendants' actions should be regarded as atrocious and utterly intolerable in a civilized community.

94. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted with callous disregard of the rights of Plaintiff and Class Members.

95. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members were damaged and suffered economic losses, mental and emotional harm, and humiliation.

96. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members are entitled to legal and equitable remedies.

## ELEVENTH CAUSE OF ACTION
## NEGLIGENT HIRING, RETENTION, AND SUPERVISION

97. Class Representative Biondolillo re-alleges and incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein.

98. As a result of direct negligence on the part of Defendants Livingston Correctional and NYSDCCS, Plaintiff and Class Members experienced emotional distress.

99. Defendants Livingston Correctional and NYSDCCS placed their employees in a position to cause foreseeable harm.

100. Plaintiff and Class Members most probably would have avoided such harm had Defendants Livingston Correctional and NYSDCCS taken reasonable care in making their decisions concerning the hiring and retention of Defendant Kennedy.

101. Defendants Livingston Correctional and NYSDCCS knew, or should have known, of Defendant Kennedy's propensity for the conduct that caused the injuries of Plaintiff and Class Members.

102. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members were damaged and suffered economic losses, mental and emotional harm, and humiliation.

103. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and Class Members are entitled to legal and equitable remedies.

## **PRAYER FOR RELIEF**

104. WHEREFORE, Plaintiff, on her own behalf and on behalf of Class Members, prays for judgment against Defendants as follows:

105. Certification of the proposed Class;

106. Appointment of Plaintiff as representative of the Class;

107. Appointment of the undersigned counsel as counsel for the Class;

108. Declaratory judgment that Defendants' challenged employment policies, practices, and/or procedures are unlawful and in violation of Title VII, 42 U.S.C. § 1983, the ADA, the ADEA, and the NYSHRL, and that such conduct constitutes unlawful termination, intentional infliction of emotional distress, and negligent hiring, retention, and supervision;

109. A permanent injunction against Defendants and their employees, agents, officers, partners, and representatives, and any and all persons acting in concert with them, from engaging in any further unlawful discriminatory policies, practices, and/or procedures;

110. An order requiring Defendants to initiate and implement programs that will: provide equal treatment for female employees; remedy Defendants' past and present unlawful employment policies, practices, and procedures; and eliminate the continuing effects of the discriminatory conduct described above;

111. An order establishing a task force on equality and fairness to determine the effective of the programs described above;

112. An award of front pay, lost benefits, and other damages for lost compensation and job benefits suffered by Plaintiff and Class Members;

113. An award of compensatory, nominal, and punitive damages to Plaintiff and Class Members;

114. An award of attorneys' fees and costs;

115. Leave to amend this Complaint of conform to the evidence revealed prior to and at trial; and

116. Any other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY**

117. Plaintiff demands a trial by jury for all issues so triable.

Dated: August 17, 2017					Respectfully submitted,


							By: */s/ Jeremiah Frei-Pearson*
							Jeremiah Frei-Pearson
							Chantal Khalil (*pro hac vice* forthcoming)
							**FINKELSTEIN, BLANKINSHIP,**
							**FREI-PEARSON & GARBER, LLP**
							445 Hamilton Avenue, Suite 605
							White Plains, NY 10601
							Tel: (914) 298-3283
							Fax: (914) 824-1561

							*Counsel for Plaintiff*
							*and the Putative Class*