UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMY BIONDOLILLO,
*Individually and on behalf of all others similarly situated*,

Plaintiff,

v.

Case # 17-CV-6576-FPG

DECISION AND ORDER

LIVINGSTON CORRECTIONAL FACILITY, et al.,

Defendants.

## INTRODUCTION

Plaintiff Amy Biondolillo brings this putative class action, individually and on behalf of all others similarly situated, against Defendants Livingston Correctional Facility, Tamara Kennedy, and the New York State Department of Corrections and Community Supervision ("NYS DOCCS").

Specifically, Plaintiff brings the following claims, on behalf of herself and the putative class: (1) gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f) *et seq.*, as amended, 42 U.S.C. § 1983, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*; (2) pregnancy discrimination under Title VII, 42 U.S.C. § 2000e(k) *et seq.*, as amended, and the NYSHRL; (3) age discrimination under the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. §§ 623, and the NYSHRL; (4) pregnancy-related disability discrimination under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, as amended, and the NYSHRL; (5) "other forms of discrimination" under 42 U.S.C. § 1983; (6) wrongful termination under Title VII, the ADA, the ADEA, and the NYSHRL;

(7) common law intentional infliction of emotional distress; and (8) common law negligent hiring, retention, and supervision.

To redress these claims, Plaintiff seeks, both individually and on behalf of the putative class, declaratory and injunctive relief; front pay; compensatory, nominal, and punitive damages; and attorneys' fees and costs. On October 5, 2017, Defendant moved to dismiss this case. ECF No. 6. For the reasons stated below, Defendant's Motion to Dismiss is DENIED.

## BACKGROUND[1]

Plaintiff began employment with Livingston Correctional as a Registered Nurse in June of 2016. ECF No. 1 at ¶¶ 4, 14. Livingston Correctional, located in Sonyea, New York, is owned and operated by NYS DOCCS. *Id*. at ¶ 5. Kennedy, a Nurse Administrator at Livingston Correctional, supervised the facility's nursing staff, including Plaintiff. *Id*. at ¶ 6. During Plaintiff's employment with Livingston Correctional, Plaintiff "never received a complaint, nor did she frequently request time off from work." *Id*. at ¶ 22.

In December of 2016, Plaintiff learned that she was pregnant. *Id*. at ¶ 15. Thereafter, Plaintiff had pregnancy-related complications, "but remained adamant that she would continue to perform her duties as scheduled and to the best of her abilities." ECF No. 1 at ¶ 16.

On December 30, 2016, Plaintiff went to the emergency room for examination and treatment after waking up "with severe pregnancy-related complications, including excessive abdominal pain and vaginal bleeding." *Id*. at ¶ 17. Plaintiff called Kennedy and informed her of the pregnancy for the first time. *Id*. at ¶ 19. During that conversation, Plaintiff told Kennedy about her pregnancy-related difficulties and requested to reschedule her upcoming work shift that evening. *Id*.

---

[1] The following allegations are taken from Plaintiff's Complaint (ECF No. 1) and are assumed true for the purposes of evaluating Defendants' Motion to Dismiss (ECF No. 6).

In response, Kennedy denied Plaintiff's request to reschedule her shift, "stating words to the effect of, 'I don't care if you're bleeding. If you're not at work, you're fired.'" *Id.* at ¶ 20. Kennedy also told Plaintiff that, because of Plaintiff's age, she did not believe Plaintiff was truly pregnant. ECF No. at ¶ 20. Plaintiff was 42 years old at the time of this incident. *Id.* at ¶ 4. Due to her hospitalization and pregnancy-related complications, Plaintiff could not go to work on the evening of December 30, 2016. *Id.* at ¶ 21. Plaintiff was fired as a result. *Id.*

In addition to the allegations related to her own claims, Plaintiff alleges that she "also witnessed the mistreatment of numerous other female employees" at Livingston Correctional. *Id.* at ¶ 24. Specifically, Plaintiff alleges that other female employees reported hostile treatment, "particularly hostile treatment on the part of Defendant Kennedy," to their union and human resources, but that Livingston Correctional and NYS DOCCS did not discipline Kennedy and Kennedy did not change her behavior. ECF No. 1 at ¶ 24.

Plaintiff further alleges that Livingston Correctional treated its female employees differently than its male employees. *Id.* at ¶ 25. Livingston Correctional held male employees to less stringent standards, and Kennedy did not question them about their illnesses when they requested time off or "berate [them] about their age, force them to work despite disabilities, or humiliate them before their peers." *Id.* In contrast, Kennedy was "very aggressive toward [Plaintiff] and numerous other female employees." *Id.* at ¶ 26. Female employees were subjected to a "hostile work environment" and violations of their "rights to work in an environment free from discrimination on the basis of gender, age, pregnancy, and disabilities." *Id.*

On October 5, 2017, Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. ECF No. 6. On November 6, 2017, Plaintiff responded in opposition to that motion. ECF No. 8. Per the Court's Text Scheduling Order (ECF No. 7),

Defendants had 15 days from the date of Plaintiff's response to file a reply. Defendants did not reply or request more time to do so.

**DISCUSSION**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Acquest Holdings, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 217 F. Supp. 3d 678, 685 (W.D.N.Y. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citation and internal quotation marks omitted). "In considering a 12(b)(6) motion, the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is not bound to accept as true a legal conclusion couched as a factual allegation." *Holmes v. Capra*, No. 17-CV-01313 (NSR), 2018 WL 3117511, at *2 (S.D.N.Y. June 25, 2018) (citing *Iqbal*, 556 U.S. at 678) (citation and internal quotation marks omitted).

Defendants, citing Federal Rule of Evidence 801(d)(2)(A), argue that Plaintiff's Complaint should be dismissed "for failure to state a claim based on admissions against a party opponent." ECF No. 6-1 at 2. In support of this argument, Defendants have attached as "Exhibit A" to their Motion a copy of an email, dated December 22, 2016, sent from Plaintiff to Kennedy, ECF No. 6-2 at 4 (the "Email"), and a signed declaration from their attorney, which certifies that "Exhibit A is a true and correct copy of plaintiff Amy Biondolillio's [sic] Email to Tamara Kennedy . . . ." ECF No. 6-2 at 1.

Relying on the Email, Defendants assert that it "clearly shows that [Plaintiff] voluntarily resigned" and that her resignation "had nothing to do with any allegation of discrimination on

4

December 30, 2016," ECF No. 6-1 at 1, 4, and that Plaintiff's resignation before her alleged termination is "fatal" to her Complaint. *Id*. at 3.

In response, Plaintiff argues that "Defendants' entire opposition is premised on a single piece of extrinsic evidence that is unequivocally inadmissible at the motion to dismiss stage," and that "[t]his email is plainly outside the four corners of the Complaint and, as such, should be disregarded and Defendants' motion should be denied." ECF No. 8 at 5, 8.

At issue in this case is whether the Court may properly consider the Email in ruling on Defendants' Motion. Thus, this matter requires an examination of what materials a court may properly review at the motion to dismiss stage.

> Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials. That universe generally is limited to: (1) the facts alleged on the face of the complaint; (2) documents attached to the complaint as exhibits; (3) documents incorporated in the complaint by reference; and (4) matters of which the court may take judicial notice. Mere discussion or short quotation of a document does not amount to incorporation by reference.
>
> In addition to the four types of materials catalogued above, there is another exception that allows a court to consider a document not expressly incorporated by reference in the complaint but that is nevertheless 'integral' to the complaint. A document is integral to the complaint where the complaint relies heavily upon its terms and effect.

*Acquest Holdings, Inc.*, 217 F. Supp. 3d at 683 (internal citations and some internal quotation marks omitted).[2]

---

[2] Instead of excluding extrinsic documents and ruling on a motion to dismiss, a court may choose to consider extrinsic materials that do not fit into this "narrow universe of materials" but must then convert the motion into one for summary judgment and provide the parties "a reasonable opportunity to present all the material that is pertinent to the motion." *Acquest Holdings, Inc.*, 217 F. Supp. 3d at 685 n.2 (quoting Fed. R. Civ. P. 12(d)). "Whether the Court should convert or decide the motion to dismiss on the pleadings alone is a discretionary decision." *Id*. (citing *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000)). In this case, the Court declines to convert Defendants' Motion into one for summary judgment given the stage of this litigation and that no discovery has occurred.

Here, the Email was not attached to the Complaint and is not a matter of which the Court may take judicial notice.[3] Nor is the Email incorporated by reference because the Complaint does not make a "a clear, definite and substantial reference" to it. *See Deluca*, 695 F. Supp. 2d at 60 (citations omitted). In fact, the Complaint does not refer to the Email at all. Therefore, the only way the Court may properly consider the Email is if it is deemed "integral to" the Complaint.

"A document is integral to the complaint where the complaint relies heavily upon its terms and effect." *Lightner*, 271 F. Supp. 3d at 453 (internal quotation marks omitted) (citing *Yung v. Lee*, 432 F.3d 142, 146 (2d Cir. 2005)). "[A] necessary prerequisite for that exception is that the 'plaintiff[ ] rel[y] on the terms and effect of [the] document in drafting the complaint . . . ; mere notice or possession is not enough.'" *Acquest Holdings, Inc.*, 217 F. Supp. 3d at 683 (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006)) (alterations in original) (additional citation omitted). "[E]ven if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (citations omitted). "It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Id.*

Defendants argue that the information contained in the Email is "integral to the [P]laintiff's [C]omplaint as it directly relates to her employment status with the state [D]efendants." ECF No. 6-1 at 4. Plaintiff asserts that this "single email" is "void of any and all context," that Plaintiff did not "rely on it in her pleadings, and that Plaintiff is "not now in possession of the email as she lost

---

[3] The email was attached to Defendants' Motion, not Plaintiff's Complaint and thus may not be considered an attachment. *See Deluca*, 695 F. Supp. 2d at 60 ("Whether a document is attached to a complaint is self evident.") (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)). Furthermore, the email correspondence between Plaintiff and Kennedy is not appropriate for judicial notice, because the contents of the email are not "common knowledge" or "derived from an unimpeachable source." *See Alvarez v. Cty. of Orange, N.Y.*, 95 F. Supp. 3d 385, 398 (S.D.N.Y. 2015) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

access to her NYS DOCCS email account when she was wrongfully terminated." ECF No. 8 at 8 n.1. Furthermore, Plaintiff asserts that discovery will reveal (1) that the Email pertained to Plaintiff reducing her hours, not resigning; (2) that Plaintiff later rescinded the Email in a conversation with Kennedy; and (3) Plaintiff was later offered a full-time position before her termination. ECF No. 8 at 11 n.2.

The Court agrees with Plaintiff that the Email should not be considered at this time. First, there is no indication that Plaintiff relied on the Email in drafting her Complaint. Second, the Email's content is ambiguous. On the one hand, Plaintiff states in the Email that she "will be taking a new position and a new contract" and expresses her apologies to Kennedy for the "short notice." ECF No. 6-2 at 4. On the other hand, Plaintiff also states that she "will be happy to go over" her new schedule with Kennedy and will "help out here when [she] can." *Id*. Whether the effect of the Email was that Plaintiff would be discontinuing work altogether or merely reducing her hours, as Plaintiff contends, is unclear. Accordingly, the Court finds that the Email is not integral to the Complaint and review of Defendants' Motion is constrained to the facts alleged on the face of Plaintiff's Complaint.

Because Defendants' only argument for dismissal is premised on the Court considering the Email, and the Court has determined that the Email may not properly be considered at this stage, Defendant's Motion is DENIED. *See DiFolco*, 622 F.3d at 113 ("In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'") (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)).

Defendants indicate that "there are various other defenses to this case, of which the [D]efendants preserve to raise at a later date if this matter goes beyond the present motion to

dismiss." ECF No. 6-1 at 2 (footnote omitted). In a footnote, Defendants state that these defenses include but are not limited to failure to state a claim upon which relief can be granted, sovereign immunity, lack of personal involvement, claim/issue preclusion, statute of limitations, and failure to exhaust. *Id*. at 2 n.1. Defendants do not request that the Court consider these defenses at this juncture and, by listing them in a footnote, they do not obligate the Court to do so. *See Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 314 (S.D.N.Y. 2015) ("[B]ecause the arguments appear only in footnotes, they are not properly raised, and the Court is under no obligation to consider them.").

## CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss (ECF No. 6) is DENIED.

IT IS SO ORDERED.

Dated: July 3, 2018
      Rochester, New York

 

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court