UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMY BIONDOLILLO, individually and on
Behalf of all others similarly situated,

                          DECISION & ORDER

                    Plaintiff,

                          17-CV-6576G

      v.

LIVINGSTON CORRECTIONAL FACILITY,
et al.,

                  Defendants.
_____

## **INTRODUCTION**

        Plaintiff Biondolillo ("Biondolillo" or "plaintiff"), individually and putatively on behalf of all others similarly situated, filed this discrimination complaint on August 17, 2017, against defendants Livingston Correctional Facility ("Livingston Correctional"), Tamara Kennedy ("Kennedy"), and the New York State Department of Corrections and Community Supervision ("DOCCS") (together, the "defendants"). (Docket # 1). Currently pending is Biondolillo's motion to compel discovery and for sanctions, which defendants oppose. (Docket ## 24, 28).

        For the reasons set forth below, Biondolillo's motion to compel discovery and for sanctions is denied without prejudice. The oral argument scheduled for Wednesday, April 22, 2020 (Docket # 26) is therefore cancelled.

## BACKGROUND

Biondolillo filed the pending motion to compel discovery and for sanctions on February 14, 2020.  (Docket # 24).  The motion concerns three separate discovery requests: (1) Biondolillo's second request for production of documents to Livingston Correctional (Docket # 24-2); (2) her first request for production of documents to DOCCS (Docket # 24-3); and, (3) her first set of interrogatories to DOCCS (Docket # 24-4).  (Docket # 24-1 at ¶ 2 (February 14, 2020 Declaration of Jeremiah Frei-Pearson ("Frei-Pearson"), Esq. ("Frei-Pearson Decl."))).  According to Frei-Pearson, plaintiff served these requests on April 8, 2019, and responses were due by May 13, 2019.  (*Id.* at ¶¶ 2, 3).  Defendants did not respond until October 21, 2019.  (*Id.* at ¶ 3; *see also* Docket ## 24-9 (Livingston Correctional's response to second request for production of documents); 24-10 (DOCCS's response to first request for production of documents)).

Frei-Pearson's declaration chronicles counsels' email communications from May 2019 to July 2019 related to these discovery requests, which are attached as exhibits.  (*See* Frei-Pearson Decl. at ¶¶ 4-10; *see also* Docket ## 24-5; 24-6).  Specifically, on Thursday, May 16, 2019, Jean Sedlak ("Sedlak"), Esq., co-counsel for Biondolillo, emailed AAG Richard Benitez ("Benitez"), Esq., counsel for defendants, indicating that plaintiff had not yet received a response to the discovery requests and noting that responses were due on May 13.  (Docket # 24-5 at 5).  On Friday, May 17, 2019, Benitez responded that "[u]nfortunately, [he would] need additional time to respond."  (*Id.* at 4).  On Monday, May 20, 2019, Frei-Pearson asked Benitez if defendants could "produce [the responses] by [the] end of the week or give [plaintiff] a short date certain" by which counsel could expect responses.  (*Id.*).  Benitez did not respond.  On

2

Thursday, May 23, 2019, Frei-Pearson emailed Benitez entreating him to "please respond." (*Id.*).

On Tuesday, May 28, 2019, Benitez emailed Frei-Pearson that "[d]ue to the breadth of [plaintiff's] demands and various other matters, [he] need[ed] to review this matter further and provide [plaintiff] with a more detailed response by the end of the week." (*Id.* at 3-4). Benitez responded on Friday, May 31, 2019, as follows: "Please accept my apology. I have had a personal health issue, among other things, and am unable to complete the outstanding tasks." (*Id.* at 3). The parties agreed to discuss matters further on Thursday, June 6, 2019. (*Id.* at 2-3).

On June 6, 2019, Sedlak emailed Benitez summarizing their June 6 phone conversation. (*Id.* at 2). That email indicated, in relevant part, that Benitez had agreed to serve responses to the discovery requests by June 14, 2019 and, by that date, would also provide a date certain by which defendants would produce responsive documents. (*Id.*). The parties agreed to meet and confer again on June 21, 2019, at which time Benitez would indicate any specific objections defendants had to the discovery requests. (*Id.*).

On Tuesday, June 18, 2019 – four days after the agreed-upon deadline to respond to the discovery requests – Benitez emailed Sedlak and Frei-Pearson:

> I profusely apologize for not completing the responses because of unforeseeable time and litigation constraints. I am in depositions today and tomorrow. I hope to have the responses emailed to you by [the morning of June 21, 2019].

(*Id.* at 1). Benitez did not provide discovery responses by June 21 and apparently cancelled the June 21 meet and conferral on the morning of the scheduled meeting. (*Id.*; *see also* Docket # 24-6 (Benitez email to Sedlak and Frei-Pearson on June 21, 2019, at 8:59 a.m.; "FYI – I will be out of the office today and am continuing responses to the discovery requests.")).

By email dated Tuesday, July 9, 2019, Sedlak emailed Benitez indicating that "[a]s of today, [p]laintiff still has not received the [discovery responses][,] [n]or have [d]efendants provided [p]laintiff with a date certain as to when they would produce the documents demanded in the [r]equests." (*Id.* at 1). Plaintiff again requested that defendants serve their responses, produce responsive documents, and provide specific objections by the end of that week or a short date certain to do so. (*Id.* ("[w]e have tried to be patient, but absent some explanation, we are going to have to involve the Court")). According to Frei-Pearson, plaintiff's counsel tried to contact Benitez on July 11 and 12, 2019 "to no avail" and "repeatedly attempted to schedule meet and confers, but [d]efendant did not respond." (Frei-Pearson Decl. at ¶ 9). Frei-Pearson does not include documentation evidencing these subsequent efforts in his declaration.

On October 16, 2019, plaintiff's counsel advised Benitez of plaintiff's intent to file a motion to compel if defendants did not respond to the discovery requests. (*Id.* at ¶ 10). Defendants then served responses on October 21, 2019. (*Id.*; *see also* Docket ## 24-9; 24-10). Biondolillo's contention is that these responses were inadequate, prompting the pending motion to compel and for sanctions.

## DISCUSSION

In my view, the email chronology summarized in Frei-Pearson's declaration is as significant for what it demonstrates as for what it fails to demonstrate. On the one hand, it reveals defendants' remarkably belated responses to Biondolillo's discovery requests; defendants received the three requests at issue in early April 2019 and did not provide responses or objections until late October 2019. Moreover, throughout that time plaintiff's counsel attempted

4

to secure responses by communicating with Benitez and, on at least one occasion, extended the deadline to respond to the requests.

On the other hand, Frei-Pearson's declaration entirely fails to demonstrate efforts plaintiff's counsel made to cure the apparent deficiencies in defendants' October 21, 2019 discovery responses – the subject of this motion. Stated differently, Frei-Pearson does not detail what occurred between defendants' October 21, 2019 discovery responses and February 14, 2020, the date plaintiff filed this motion to compel. (*See generally* Frei-Pearson Decl.). In this regard, Biondolillo seemingly relies on representations made in her memorandum of law. For instance, plaintiff indicates that "[s]ince [defendants'] insufficient response [on October 21, 2019], [p]laintiff has made many efforts to confer with [d]efendants[;] [h]owever, likely due to trial schedules, [d]efendants have not been responsive." (Docket # 24 at 8; *see also id.* at 14 ("[p]laintiff's counsel repeatedly called and emailed [d]efendants' counsel to confer about [d]efendants' deficient responses, but [d]efendants' counsel was not responsive[;] [a]ccordingly, [p]laintiff is forced to bring the instant motion")).

This representation may very well be true; however, it not sufficient to satisfy counsel's conferral obligation under the Federal Rules of Civil Procedure or this Court's Local Rules prior to bringing a motion to compel. Prior to filing such a motion, a party must have "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). Significantly, this Court's Local Rules provide:

> No motion for discovery and/or production of documents under [Rule 37 of the Federal Rules of Civil Procedure] shall be heard *unless* accompanied by an affidavit showing that sincere attempts to resolve the discovery dispute have been made. Such affidavit shall detail the times and places of the parties' meetings or discussions concerning the discovery dispute and the names of all

5

>parties participating therein, and all related correspondence must
>be attached.

W.D.N.Y. LOCAL R. CIV. P. 7(d)(3) (emphasis supplied).  "The purpose of the meet and confer requirement is to resolve discovery matters without the court's intervention to the greatest extent possible.  Only those matters that remain unresolved after serious attempts to reach agreement should be the subject of a motion to compel."  *Excess Ins. Co., Ltd. v. Rochdale Ins. Co.*, 2007 WL 2900217, *1 (S.D.N.Y. 2007).

Even though Frei-Pearson has documented efforts to obtain discovery responses from defendants prior to October 21, 2019, he has not demonstrated any concrete efforts to meet and confer as it relates to plaintiff's attempts to cure deficiencies in defendants' actual responses.  Plaintiff's vague representations in her memorandum of law regarding these supposed attempts plainly fail to satisfy the requirement specified in this Court's Local Rule 7(d)(3).  For this reason, plaintiff's motion to compel discovery and for sanctions is denied without prejudice.  *See Saliga v. Chemtura Corp.*, 2015 WL 851849, *2 (D. Conn. 2015) ("[f]ailure to meet and confer is a sufficient basis for denying the motion to compel") (quotations omitted).

I note that the opposition papers submitted by defendants – consisting of five paragraphs and one legal citation – request, as best this Court can understand, either that plaintiff's motion be denied or that this Court "limit[]" plaintiff's discovery requests "as it deems just and proper."  (Docket # 28).  It is not the job of this Court, in the first instance, to "limit" parties' discovery requests; indeed, such is the purpose of the meet and confer requirement.  *See Excess Ins. Co., Ltd. v. Rochdale Ins. Co.*, 2007 WL 2900217 at *1.  Defense counsel is cautioned that he may not, without risking sanctions, ignore his conferral obligations in the hopes that this Court will undertake for him work that is to be done in the required conferral meeting.

## **CONCLUSION**

For the above-stated reasons, Biondolillo's motion to compel discovery and for sanctions **(Docket # 24)** is **DENIED without prejudice**. The oral argument scheduled for Wednesday, April 22, 2020 (Docket # 26), is therefore **CANCELLED**.

This Court directs counsel to promptly confer on the outstanding discovery issues identified by plaintiff in her papers. Such conferral, which may be done telephonically, shall occur by no later than fourteen (14) days of the date of this Order. In the event that the conferral is unsuccessful in resolving the outstanding discovery issues, plaintiff may file a renewed motion to compel seeking any appropriate relief. Such a motion must comply with Local Rule of Civil Procedure 7(d)(3).

**IT IS SO ORDERED.**

                                                              *s/Marian W. Payson*
                                                              MARIAN W. PAYSON
                                                              United States Magistrate Judge

Dated: Rochester, New York
       April 16, 2020