UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMY BIONDOLILLO,

                        Plaintiff,

                        Case # 17-CV-6576-FPG

v.

                        DECISION AND ORDER

LIVINGSTON CORRECTIONAL FACILITY, *et al*.

                        Defendants.

## INTRODUCTION

On August 17, 2017, Plaintiff Amy Biondolillo alleged against Defendants Livingston Correctional Facility ("LCF"), Tamara Kennedy, and the New York State Department of Corrections and Community Supervision ("DOCCS") several violations of federal and state law, including: (1) gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f) *et seq*., as amended, 42 U.S.C. § 1983, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq*.; (2) pregnancy discrimination under Title VII, 42 U.S.C. §§ 2000e(k) *et seq*., as amended, and the NYSHRL; (3) age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and the NYSHRL; (4) pregnancy related disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*., as amended, and the NYSHRL; (5) "other forms of discrimination" under 42 U.S.C. § 1983; (6) wrongful termination under Title VII, the ADA, the ADEA, and the NYSHRL; (7) common law intentional infliction of emotional distress; and (8) common law negligent hiring, retention, and supervision. ECF No. 1.

1

Pursuant to Federal Rule of Civil Procedure 56, Defendants filed a Motion for Summary Judgment on May 6, 2022.  ECF No. 54.  On June 3, 2022, Plaintiff responded.  ECF No. 57.  On July 1, 2022, Defendants replied.  ECF No. 60.  On February 16, 2020, the Court granted in part and denied in part Defendants' Motion for Summary Judgment.  ECF No. 62.  The Court concluded that only Plaintiff's Title VII pregnancy discrimination claim could proceed to trial.  *Id*.  Plaintiff's remaining claims were dismissed.  *Id*.

Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiff brought the present Motion for Reconsideration in Part on February 27, 2023, arguing that her NYSHRL pregnancy discrimination claim and common law wrongful termination and intentional infliction of emotional distress claims against Defendant Tamara Kennedy should be reinstated.  ECF No. 64.  On March 10, 2023, Defendants responded.  ECF No. 68.  For the reasons set forth below, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.  Plaintiff's NYSHRL pregnancy discrimination claim is reinstated.  Plaintiff's common law claims remain dismissed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54.  "A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982); *United States v. Jerry*, 487 F.2d 600, 604 (3d Cir. 1973) ("[T]he power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been

recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules.").

A litigant seeking reconsideration must set forth "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Richard v. Dignean*, 126 F. Supp. 3d 334, 337 (W.D.N.Y. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "To merit reconsideration under Rule 54(b), a party must show 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Micolo v. Fuller*, No. 6:15-CV-06374, 2017 WL 2297026, at *2 (W.D.N.Y. May 25, 2017) (quoting *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand*, LLP, 322 F.3d 147, 167 (2d Cir. 2003)). Further, the Second Circuit has "limited district courts' reconsideration of earlier decisions under Rule 54(b) by treating those decisions as law of the case, which gives a district court discretion to revisit earlier rulings in the same case, subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Coopers & Lybrand*, 322 F.3d at 167 (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964)).

## DISCUSSION

For the reasons set forth below, Plaintiff's Motion for Reconsideration in Part is GRANTED IN PART and DENIED IN PART. Plaintiff's NYSHRL pregnancy discrimination claim is reinstated and may proceed. Plaintiff's common law claims remain dismissed.

### I.  NYSHRL

In her complaint, Plaintiff brought a NYSHRL pregnancy discrimination claim against Defendant Tamara Kennedy. ECF No. 1. On summary judgment, Defendants argued that the

3

claim must be dismissed because damages actions against a state official or employee in federal court are barred by the Eleventh Amendment absent a waiver of sovereign immunity. ECF No. 54-4 at 9. Defendants' argument was premised upon an interpretation of Plaintiff's complaint that she had brought the claim against Kennedy in her official capacity, as an agent of her employer–DOCCS. *Id*. In her Motion for Reconsideration, Plaintiff maintains that the claim was brought against Kennedy in her individual capacity and therefore is not barred by the Eleventh Amendment. ECF No. 64-1 at 4.

For the reasons set forth below, the Court finds the claim was brought against Kennedy in her individual capacity and an Eleventh Amendment defense to Plaintiff's claim is inapplicable. Because Plaintiff's NYSHRL pregnancy discrimination claim is adequately alleged for the reasons stated in Section I of the Court's Decision and Order dated February 16, 2023, Plaintiff's NYSHRL pregnancy discrimination claim is reinstated.

The issue is whether Plaintiff's complaint "clearly identifies" in which capacity Defendant Tamara Kennedy is sued. "[A] plaintiff who has not clearly identified in her complaint the capacity in which the defendant is sued should not have the complaint automatically construed as focusing on one capacity to the exclusion of the other." *Frank v. Relin*, 1 F.3d 1317, 1326 (2d Cir. 1993). When the face of a complaint fails to state clearly whether a state employee is sued in his or her official capacity or individual capacity, or both, courts look to "[t]he course of proceedings" to determine "the nature of the liability to be imposed." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Generally, "a party who is unclear in argument as to the capacity in which the defendant can be pursued should not lightly be deemed to have withdrawn a claim that was expressly stated." *Frank*, 1 F.3d at 1326.

4

Here, two portions of Plaintiff's complaint are particularly relevant. First, Plaintiff states: "Defendant Tamara Kennedy, upon Plaintiff's knowledge and belief, is a resident of New York. At the time of the incident, Ms. Kennedy was employed as a Nurse Administrator by Defendant Livingston Correctional. One of the main responsibilities for her position is to supervising [sic] the nursing staff, including Ms. Biondolillo. *As a result of her status as an agent of her employer*, all relevant times, Defendant Kennedy met the definition of 'employer' and/or 'covered employer' under all relevant statutes." ECF No. 1 at 3 (emphasis added). Second, Plaintiff later states, with respect to Plaintiff's NYSHRL pregnancy discrimination claim: "*Defendants* discriminated against Plaintiff and Class Members on the basis of pregnancy and/or pregnancy-related conditions by subjecting such women to disparate and less favorable terms, conditions, and privileges of employment, and adverse treatment relative to persons not so affected. Such actions include, but are not limited to, wrongful termination as a result of pregnancy and pregnancy-related medical conditions." *Id*. at 14 (emphasis added).

In the first portion of her complaint, Plaintiff indicates that Kennedy is sued in her official capacity "as an agent of her employer," but is silent as to whether Kennedy is sued in her individual capacity, as well. *Id*. at 3. In the second portion, Plaintiff groups all Defendants together and states that "Defendants discriminated against Plaintiff[.]" *Id*. at 14. Plaintiff does not expressly state whether Kennedy is sued in her individual capacity in this respect. Thus, the Court finds that Plaintiff's complaint "fails to state clearly" whether Kennedy was sued in her individual capacity with respect to Plaintiff's NYSHRL pregnancy discrimination claim and must now look to "'[t]he course of proceedings'" to determine "the nature of the liability to be imposed." *Kentucky*, 473 U.S. at 167 n.14.

In Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Plaintiff appears to specify more clearly in which capacity she intended to sue Kennedy, stating that: "[i]ndividual liability lies under the NYSHRL where (as here) the individual in question actually participated in the conduct giving rise to the discrimination claim. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995), *abrogated on other grounds, Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998)." ECF No. 57 at 12. This portion of Plaintiff's Opposition is Plaintiff's only specific reference to an intent to bring a NYSHRL pregnancy discrimination claim against Kennedy in her individual capacity. The Court recognizes that "a party who is unclear in argument as to the capacity in which the defendant can be pursued should not lightly be deemed to have withdrawn a claim that was expressly stated." *Frank*, 1 F.3d at 1326. Accordingly, the Court construes Plaintiff's NYSHRL pregnancy discrimination claim to be brought against Kennedy in her individual capacity. *See Kravstov v. Town of Greenburgh*, No. 10-CV-3142, 2012 WL 2719663, at *24 (S.D.N.Y. July 9, 2012). Because Defendants' Eleventh Amendment defense is inapplicable and Plaintiff has adequately alleged a pregnancy discrimination claim under Title VII, Plaintiff's NYSHRL pregnancy discrimination claim may proceed. *See Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (noting that Title VII and NYSHRL claims are evaluated under the same standards); *see also Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014).

For the foregoing reasons, this aspect of Plaintiff's Motion for Reconsideration is granted. Plaintiff's NYSHRL pregnancy discrimination claim against Kennedy is reinstated.

## II.   New York Common Law

In her complaint, Plaintiff alleged three New York common law claims against Defendants, including wrongful termination, intentional infliction of emotional distress, and with respect to LCF and DOCCS, negligent hiring, retention, and supervision. *See* ECF No. 1. Defendants moved

to dismiss the claims. *See* ECF No. 54-4 at 9. Plaintiff conceded that the claims should be dismissed and offered no opposition to the dismissal of the claims. *See* ECF No. 57 at 11. The Court accordingly dismissed the claims. ECF No. 64 at 25. Plaintiff now seeks reinstatement of her common law claims of wrongful termination and intentional infliction of emotional distress against Kennedy. ECF No. 64-1 at 1, 6. This aspect of Plaintiff's Motion for Reconsideration is denied.

As the Court previously observed, "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Coopers & Lybrand*, 322 F.3d at 167. Motions for reconsideration will generally be denied unless there is "an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, *1 (W.D.N.Y. 2013) (quotation omitted). Importantly, "[a] party may not use a motion for reconsideration to advance theories of relief or facts that were not previously presented to the court." *Harris v. Millington*, 613 F. App'x 56, 58 (2d Cir. 2015) (summary order).

Here, Plaintiff did not oppose Defendants' argument for dismissal of the claims Plaintiff seeks to reinstate. Plaintiff expressly conceded to their dismissal. *See* ECF No. 57 at 11. Plaintiff did not assert or appear to assert, as she did with respect to her NYSHRL pregnancy discrimination claim, that her New York common law claims should not be dismissed. In addition, Plaintiff's Motion for Reconsideration does not reference any argument previously made in support the claims, nor address her earlier concession. Plaintiff merely asks the Court to "reconsider." ECF

No. 64-1 at 1. Because Plaintiff appears to be attempting to take a "second bite at the apple[,]" the Court denies this aspect of Plaintiff's Motion for Reconsideration. *Shrader*, 70 F.3d at 257.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is GRANTED IN PART and DENIED IN PART. Plaintiff's NYSHRL pregnancy discrimination claim is reinstated. Plaintiff's common law claims remain dismissed.

IT IS SO ORDERED.

Dated: March 23, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York